COURT OF APPEALS

                                                 SECOND
DISTRICT OF TEXAS

                                                                FORT
WORTH

 

NOS.
2-08-182-CR

                                                2-08-183-CR

                                                2-08-184-CR

                                                2-08-185-CR

                                                2-08-186-CR

                                                2-08-187-CR

                                                2-08-188-CR

                                                2-08-189-CR

                                                2-08-190-CR

                                                2-08-191-CR

                                                2-08-192-CR

                                                2-08-193-CR

                                                2-08-194-CR

                                                2-08-195-CR

                                                2-08-196-CR

                                                2-08-197-CR

                                                2-08-198-CR

                                                2-08-199-CR

                                                2-08-200-CR

 

 

PHYLLIS DAWN HARVEY                                                      APPELLANT

 

 

                                                   V.

 

 

THE STATE OF TEXAS                                                                STATE

 








                                              ------------

 

           FROM THE 213TH
DISTRICT COURT OF TARRANT COUNTY

 

                                              ------------

 

                                MEMORANDUM OPINION[1]

 

                                              ------------

Appellant Phyllis Dawn Harvey waived a jury and
entered open pleas of guilt to nineteen charges of robbery, eighteen of which
were aggravated and all of which were enhanced with habitual counts.  She appeals her convictions and life
sentences on each charge.[2]  We affirm.








Appellant=s
court-appointed appellate counsel has filed a motion to withdraw as counsel and
a brief in support of that motion.  In
the brief, counsel avers that, in her professional opinion, the appeals are
frivolous.  Counsel=s brief
and motion meet the requirements of Anders v. California by presenting a
professional evaluation of the record demonstrating why there are no arguable
grounds for relief.  386 U.S. 738, 87 S.
Ct. 1396 (1967).  Appellant filed a pro
se brief, alleging that she received ineffective assistance of counsel and that
the life sentences are grossly disproportionate to the offenses.  The State declined to file a brief.

Once an appellant=s
court-appointed attorney files a motion to withdraw on the ground that the
appeals are frivolous and fulfills the requirements of Anders, this
court is obligated to undertake an independent examination of the record in
each case.  See Stafford v. State,
813 S.W.2d 503, 511 (Tex. Crim. App. 1991); Mays v. State, 904 S.W.2d
920, 922B23 (Tex.
App.CFort
Worth 1995, no pet.).  Only then may we
grant counsel=s motion to withdraw.  See Penson v. Ohio, 488 U.S. 75, 82B83, 109
S. Ct. 346, 351 (1988).

We have carefully reviewed the records in each
case,[3]
counsel=s brief,
and appellant=s pro se brief.  We agree with counsel that these appeals are
wholly frivolous and without merit; we find nothing in the record that might
arguably support the appeals.  See
Bledsoe v. State, 178 S.W.3d 824, 827B28 (Tex.
Crim. App. 2005); see also Meza v. State, 206 S.W.3d 684, 685 n.6 (Tex.
Crim. App. 2006).  Accordingly, we grant
counsel=s motion
to withdraw 








and affirm the trial court=s
judgments.

 

PER
CURIAM

 

PANEL:  LIVINGSTON, GARDNER, and WALKER, JJ.

 

DO NOT PUBLISH

Tex. R. App. P. 47.2(b)

 

DELIVERED:  September 17, 2009











[1]See Tex. R. App. P. 47.4.





[2]The nineteen life
sentences are to run concurrently with each other but consecutively to the
conviction for which appellant was on parole when she committed the offenses.





[3]The trial court first
consolidated ten of the cases and heard evidence on punishment in one
hearing.  The trial court later
consolidated the remaining nine cases for purposes of punishment.  Neither the State nor appellant presented any
evidence at the second hearing; instead, the State asked the trial court to
take judicial notice of the evidence admitted during the first hearing.